**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
Case No. _____3:19-cv-199-GNS_____

BRITTANY GOODLETT

     Plaintiff

     v.

UNITED STATES OF AMERICA

     Defendant

**COMPLAINT AND JURY DEMAND**

Plaintiff, by counsel, state as follows for her Complaint.

**JURISDICTION AND VENUE**

1.     This action arises under the Federal Tort Claims Act, 28 U.S.C. § § 2671,

*et seq.*

2.     Plaintiff timely filed a Tort Claim Act administrative claims to the United

States Postal Service dated July 5, 2018.  The United States Postal Service has neither

approved nor denied the claims within 180 days.  All conditions precedent to a Federal

Tort Claims Act have been met.

3.     This Court has jurisdiction under, and by virtue of, 28 U.S.C. § § 1331,

1346(b).

4.     Venue is founded in this judicial district based on 28 U.S.C.  § §

1391(e)(2) and 1402(b), as the acts complained of occurred in this district.

**PARTIES**

5.      Plaintiff is a citizen of the United States and resident of Eminence, Commonwealth of Kentucky.

6.      Defendant, the United States of America, has waived sovereign immunity pursuant to the Federal Tort Claims Act.

**FACTS**

7.      On or about July 16, 2016, Plaintiff Brittany Goodlett was driving her Dodge Caliber on Highway 22 in Ballardsville, Commonwealth of Kentucky.

8.      At approximately 11:56 a.m., Ms. Goodlett's vehicle was struck by a 1988 Chevy U.S. Postal vehicle driven by post office employee Harvey Marlow who was on the job at the time of the crash.

9.      Mr. Marlow was traveling on Highway 22, attempting to turn onto Ballard Glen Parkway from Highway 22 when he failed to yield the right-of-way and turned into Ms. Goodlett's vehicle, causing the crash.

10.       Plaintiff suffered personal injury as a result of the crash.

**COUNT I – AUTO NEGLIGENCE – FEDERAL TORT CLAIMS ACT**

11.      The prior allegations are incorporated by reference into this Count.

12.      This claim is brought by Plaintiff against Defendant, the United States of America, for actions undertaken by U.S. Postal Employee Harvey Marlow while acting within the scope of his employment.

13.      The aforementioned actions of the United States Postal Service through the actions of Harvey Marlow, acting within the scope of his employment, constitutes

negligence under the laws of the Commonwealth of Kentucky where the accident occurred.

14.     Specifically, Defendant carelessly operated his vehicle when he failed to yield the right-of-way, and this carelessness was the direct and proximate result of the injuries sustained by the plaintiff.

15.     As a direct result of the injuries caused by the Defendant, Plaintiff has incurred and will incur past and future medical bills and expenses.  She has also experienced and will experience pain, suffering, mental anguish, and inconvenience.

16.     In compliance with the requirements of the Federal Tort Claim Act, Plaintiff timely filed administrative claims for relief with Defendant via the United States Post Office.  Defendant failed to respond to the claims within 180 days.  Accordingly, Plaintiff has now exhausted all administrative preconditions to filing this claim.

WHEREFORE, Plaintiff demands the following:

a)  a declaration that Defendant, the United States of America, has violated the Federal Tort Claims Act;

b)  enter judgment in favor of Plaintiff and against Defendant;

c)  award damages in the amount reflected in the Form 95 notices for each Plaintiff: $30,000

d)  award costs and attorneys' fees; and

e)  award Plaintiff any other relief deemed necessary and proper

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: March 18, 2019

Respectfully submitted,

*/s/ John L. Smith*

_____

John L. Smith
Morgan & Morgan
611 E. Spring Street
New Albany, IN  47150
812.850.6850 (t)
812.941.4026 (f)
johnsmith@forthepeople.com
*Counsel for Plaintiff*